IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD BROWN,

   Plaintiff,

vs.            Civil Action No. ADC-17-2516

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

   Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On August 31, 2017, Richard Brown ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 13–14), and Plaintiff's Motion to Extend Time *Nunc Pro Tunc* ("Motion to Extend Time") (ECF No. 15), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED, Plaintiff's Motion to Extend Time (ECF No. 15) is DENIED, and the decision of the SSA is REMANDED for proceedings consistent with this opinion.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

## Procedural History

On March 4, 2015, Plaintiff filed a Title II application for DIB as well as a separate Title XVI application for SSI, which both alleged disability beginning on May 6, 2011. His claims were denied initially and upon reconsideration on May 4, 2015 and September 14, 2015, respectively. Subsequently, on September 22, 2015, Plaintiff filed a written request for a hearing and, on January 10, 2017, an Administrative Law Judge ("ALJ") presided over a video hearing. On April 7, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [("the Act")], from May 6, 2011, through the date of this decision." ECF No. 10 at 30. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on July 11, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2017); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On August 31, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability applications. On January 19, 2018, Plaintiff filed a Motion for Summary Judgment, and on March 19, 2018, Defendant filed a Motion for Summary Judgment.[2] Plaintiff filed a Motion to Extend Time on June 20, 2018. This matter is now fully briefed and the Court has reviewed both parties' motions.

## Standard of Review

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the

---

[2] On May 8, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r, Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation and internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has

considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such a severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the [SSA] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual

alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in

significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

### ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 6, 2011. ECF No. 10 at 21. At step two, the ALJ found that Plaintiff had the severe impairments of depressive disorder, mild intellectual disability, and anxiety. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 22–23. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can occasionally stoop, crouch, kneel and crawl; can occasionally climb ramps and stairs; can occasionally climb ladders, ropes or scaffolds; is illiterate; is limited to simple, routine and repetitive work; and would be off task five percent of the day.

*Id.* at 25. The ALJ then determined that Plaintiff was unable to perform any past relevant work. *Id.* at 28–29. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 29. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from May 6, 2011, through the date of this decision." *Id.* at 30.

### PLAINTIFF'S MOTION TO EXTEND TIME

On July 14, 2017, Plaintiff filed a new application for SSI, which was initially denied on November 14, 2017. ECF No. 15-1 at 3. Upon reconsideration, however, Plaintiff was found

disabled as of July 14, 2017. *Id.* On June 20, 2018, Plaintiff filed his Motion to Extend Time, arguing that the decision for his subsequent application for SSI, which found him disabled as of July 14, 2017, an onset date just one day after the ALJ's decision in this case, constituted new and material evidence. *Id.* at 3–6. Contrary to Plaintiff's cited case law from another district and the Court of Appeals for the Sixth Circuit, this Court and multiple other courts have held that subsequent applications do not constitute new and material evidence, even when the new application was made in close proximity to the disability onset date or date of denial of the application under review. *See, e.g., Turner v. Colvin*, No. ADC-16-3432, 2017 WL 3446767, at *4–5 (D.Md. Aug. 10, 2017) (holding that "the simple fact that Plaintiff was awarded disability benefits at a later date does not constitute new and material evidence meriting remand"); *Howard v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-3175, 2013 WL 588999, at *4 (D.Md. Feb. 13, 2013) (holding that "[t]he subsequent award of disability, standing alone, does not constitute new and material evidence to support a sentence six remand" under 42 U.S.C. § 405(g)); *Meadows v. Berryhill*, No. 5:16-cv-00068-RJC-DSC, 2017 WL 4534771, at *5 (W.D.N.C. Oct. 11, 2017) (adopting "the rule that a subsequent decision alone is not new and material evidence"). Furthermore, Plaintiff merely attached his April 30, 2018 notice of award, which provides no description of the reasons benefits were awarded, as well as medical records regarding a June 30, 2017 cataract evaluation, which does not pertain to any of the alleged impairments in this case. *See* ECF Nos. 15-1 & 15-2. Accordingly, the Court will DENY the Motion to Extend Time.

## DISCUSSION

Plaintiff raises three allegations of error on appeal: the ALJ (1) violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), by not explaining the limitations of Plaintiff's moderate limitations in concentration, persistence, and pace; (2) improperly found that Plaintiff can perform light

8

work; and (3) utilized rescinded rulings to adjudicate Plaintiff's claim. The Court will remand the case on the first ground for the ALJ to properly evaluate Plaintiff's RFC determination.

### A. The ALJ's RFC Determination Improperly Accounted For Plaintiff's Moderate Difficulties With Concentration, Persistence, And Pace.

At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentrating, persisting, or maintaining pace, [Plaintiff] has moderate limitations," and further explained that Plaintiff:

> stated that he is residing in a drug treatment program, where he participates in AA meetings and other therapies. In his function report, he stated that he had trouble completing tasks and with concentrating.

ECF No. 10 at 23 (record citations omitted). The ALJ then limited Plaintiff's RFC, in pertinent part, "to simple, routine, and repetitive work; and would be off task five percent of the day." *Id.* at 25. Plaintiff contends that the ALJ's RFC assessment failed to adequately account for his moderate difficulties in concentration, persistence, or pace in violation of *Mascio*. ECF No. 13-1 at 8. Specifically, Plaintiff argues that the ALJ failed to explain how she determined that Plaintiff would be off-task for five percent of the workday and how being off-task accommodated Plaintiff's moderate difficulties in concentration, persistence, or pace. *Id.* at 8–9. The Court agrees and remands to allow the ALJ to provide "an accurate and logical bridge" between Plaintiff's limitations in concentration, persistence, or pace and the ALJ's RFC determination. *See White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *2 (D.Md. Apr. 13, 2017).

In *Mascio*, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task. The latter ability concerns the broad functional area of concentration, persistence, or pace. 780 F.3d at 638. Like *Mascio*, the ALJ's RFC

9

determination in this case included a non-exertional restriction to simple, routine, repetitive tasks. ECF No. 10 at 25. Unlike in *Mascio*, however, the ALJ's RFC assessment in this case also included the additional limitation that Plaintiff would be off-task five percent of the day. *Id.* While a limitation to simple, routine, repetitive tasks alone is insufficient under *Mascio*, this Court has acknowledged that a limitation related to a claimant's ability to stay on task accounts for his moderate limitations in concentration, persistence, and pace. *See Fisher v. Colvin*, No. TMD-14-1011, 2015 WL 5287120, at *9 (D.Md. Sept. 9, 2015) (holding that an RFC stating that "due to concentration and focus problems, [the claimant] may be off task 5% of the work day" properly related to the claimant's ability to stay on task and was distinguishable from *Mascio*).

Here, contrary to Plaintiff's assertions, the ALJ accounted for Plaintiff's limitation in concentration, persistence, and pace by stating that Plaintiff "would be off task five percent of the day." ECF No. 10 at 25. The ALJ failed, however, to explain how her factual findings translate into a finding that Plaintiff "would be off task five percent of the day." *Id.* An explanation of how that percentage was calculated is significant, as an increase could preclude competitive employment. *See, e.g., White*, 2017 WL 1373236, at *2. Accordingly, without further explanation, this Court cannot ascertain how the ALJ assessed Plaintiff's difficulties in staying on task, and how those difficulties impacted the RFC assessment. *See id.; see also Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D.Md. Feb. 21, 2017) (remanding to the SSA where the ALJ failed to explain the basis for her conclusion that the claimant would be off-task 10% of the time); *Chandler v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1408, 2016 WL 750549, at *2 (D.Md. Feb. 24, 2016) (noting that "[i]t is unclear how the ALJ reached that particular conclusion [that the claimant would be off task 5% of the workday], and is also unclear whether being off task only 5% of the workday is consistent with a 'moderate

limitation in concentration, persistence or pace'"). In light of this inadequacy, the Court remands the case to the SSA for further analysis. On remand, the ALJ should consider the impact of Plaintiff's limitations on the RFC determination and explain the reasons for that finding, citing substantial evidence. In so holding, the Court expresses no opinion regarding whether the ALJ's ultimate conclusion that Plaintiff is not disabled is correct or incorrect. Furthermore, on remand, the ALJ should reconsider and provide a meaningful discussion of Plaintiff's allegations of physical pain as well as utilize the current rulings which replaced the former rescinded rulings for considering Plaintiff's claim.

## CONCLUSION

In summation, the Court finds that the ALJ failed to properly evaluate the evidence on record and provided insubstantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act from May 6, 2011 through the date of the ALJ's decision. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED, Plaintiff's Motion to Extend Time (ECF No. 15) is DENIED, and the decision of the SSA is REMANDED to the SSA for further proceedings consistent with this opinion. The clerk is DIRECTED to close this case.

Date: 27 June 2018

A. David Copperthite
United States Magistrate Judge